JUDGE SCHOFIELD

John P. Margiotta (*jm@frosszelnick.com*)
Leo Kittay (*lkittay@frosszelnick.com*)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY 10017
Tel: (212) 813-5900
Fax: (212) 813-5901

*Counsel for Plaintiffs*

13 CV 1787



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BLOOMBERG L.P., BLOOMBERG
FINANCE ONE L.P., and BLOOMBERG
FINANCE L.P.,

              Plaintiffs,

              v.

JOHN DOE 1, JOHN DOE 2, JOHN DOE 3,
and JOHN DOE 4,

              Defendants.

No. _____

**COMPLAINT**

**Jury Trial Demanded**

## COMPLAINT

Plaintiffs Bloomberg L.P., Bloomberg Finance One L.P., and Bloomberg Finance L.P. (collectively,

"Bloomberg" or "Plaintiff"), by its attorneys, Fross Zelnick Lehrman & Zissu, P.C., for its

complaint against defendants JOHN DOES 1 through 4 (collectively, "Defendants"), alleges:

### NATURE OF THE ACTION

1.    This action arises out of Defendants' blatant acts of trademark infringement and unfair

competition in connection with the publishing of weblog (collectively, the "Infringing Blogs")

websites under the mark BLOOMBERG.

15. Upon information and belief, the Defendants are individuals or entities who continuously and systematically conduct and transact business, including the publication and distribution of websites that unlawfully infringe Bloomberg's trademarks, and monetize such infringement through the sale of ads. Upon learning of the specific identity of said Defendants, Bloomberg shall move to substitute the named parties or to otherwise amend the Complaint.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over the subject matter of this action pursuant to § 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1331, 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a)-(b). The Court has supplemental jurisdiction over the state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

17. This Court has personal jurisdiction over Defendants because Defendants publish and distribute into this district the services that comprise the subject matter of this litigation and transact business in this district, including the unlawful conduct complained of herein. Jurisdiction over Defendants comports with the Due Process Clause of the United States Constitution and the long-arm statute for the State of New York, Rule 302 of the New York Civil Practice Law and Rules.

18. Upon information and belief, venue is proper in this district pursuant to Section 1391(b) of the Judicial Code, 28 U.S.C. § 1391(b), because a substantial part of the events at issue and Defendants' acts of infringement have occurred in this district and Plaintiff is suffering harm in this district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.**     **Plaintiff's News Business**

19. Bloomberg is a multi-national financial news provider and a leader in global business and financial information.  Bloomberg provides influential decision-makers worldwide with data, analytics, news and insight to give them a critical edge.  Bloomberg applies its extensive data, news and technology to offer new tools in the fields of finance, government, law and energy.  Bloomberg's capability in delivering data, news and analytics quickly and accurately through innovative technology has resulted in several award-winning products and solutions.

20. Bloomberg L.P. has over 15,000 employees in 192 locations, including 2,300 reporters in 140 news bureaus worldwide.  The company that would become Bloomberg L.P. was founded by Michael R. Bloomberg in 1982 and adopted and commenced use of BLOOMBERG in 1987 as its trade name, trademark, service mark and corporate identity.  Since then, this mark and name has been used continuously by Bloomberg L.P. and its affiliated companies.

21. Since the inception of the business in 1982 and the adoption and use of the "Bloomberg" name at least as early as 1987, Bloomberg has become one of the largest providers worldwide of financial news and information.  Bloomberg is recognized and trusted as a leading source of financial information and analysis.  Bloomberg's core business is a data, analytics and news platform delivered to subscribers in a proprietary service known as the BLOOMBERG PROFESSIONAL® service, which is now the leading choice of more than 310,000 business and financial professionals in 174 countries.  Bloomberg is also known for its news service, magazine publishing, television and radio broadcasting, legal and government research products and sponsorship of seminars and conferences (collectively, the "Bloomberg Products and

Services"). The hallmark of all Bloomberg Products and Services is that they are consistently branded with the BLOOMBERG Mark, including, among others, BLOOMBERG GOVERNMENT®, BLOOMBERG.COM®, BLOOMBERG ANYWHERE®, BLOOMBERG TRADEBOOK®, BLOOMBERG BONDTRADER®, BLOOMBERG MARKETS®, BLOOMBERG BUSINESSWEEK[SM], BLOOMBERG NEWS®, BLOOMBERG RADIO® and BLOOMBERG TELEVISION®. Bloomberg maintains strict quality control standards for all the Bloomberg Products and Services branded with the BLOOMBERG Mark.

22. Bloomberg publishes *Bloomberg Businessweek* magazine, which is sold by subscription and at newsstands in 140 countries and has a total readership of approximately 4.7 million people, not including visitors to the comprehensive *businessweek.com* website.

23. The BLOOMBERG TELEVISION channel reaches over 310 million households globally.

24. BLOOMBERG NEWS publishes approximately 5,000 articles daily, and Bloomberg's news websites receive approximately 26 million visits monthly.

25. Bloomberg distributes *Bloomberg Markets* magazine as part of the BLOOMBERG PROFESSIONAL service subscription to all subscribers throughout the world. This magazine also is sold at newsstands around the world. Bloomberg has multi-billion dollar annual revenue, reflecting the vast worldwide demand for Bloomberg's Products and Services.

26. Bloomberg L.P. and its affiliated companies own more than 1,000 domain names incorporating either "bloomberg" or close misspellings thereof, including *bloomberg.com*, *bloomberg.net*, *bloomberg.org*, *bloomberg.biz*, and *bloomberg.info*. Bloomberg registered the *bloomberg.com* domain name in 1993 and has used this domain name continuously since that date.

27. The rapid growth of Bloomberg's operations worldwide has resulted in tremendous popularity and recognition of the BLOOMBERG Mark and name, which has become exclusively associated and identified with Bloomberg and its unparalleled products and services.  In 2011, Bloomberg News won a record twenty Society of American Business Editors and Writers Awards, bringing its total number of awards to 500 since its inception in 1990.  The April 2004 edition of *Trademark World* magazine identified BLOOMBERG as tied with five other marks for the nineteenth most well-known mark in the world. The BLOOMBERG Mark has acquired acceptance and recognition as being synonymous with quality and excellence in products and services, and the Mark has become distinctive of Bloomberg.

28. Consumers, potential consumers and other members of the public not only associate the Bloomberg Products and Services with exceptional quality, but also recognize that the Bloomberg Products and Services originate exclusively with Bloomberg.  Consequently, Bloomberg has acquired and enjoys an outstanding reputation and significant goodwill associated with the BLOOMBERG Marks on and in connection with the Bloomberg Products and Services, and the BLOOMBERG Marks are thus invaluable assets of Bloomberg.

29. Use of a BLOOMBERG trademark or the "Bloomberg" name by any entity would thus lead consumers to believe that the entity's product or service either originated from or was somehow associated with Bloomberg.

30. Given the enormous value of the BLOOMBERG Marks, Bloomberg makes great efforts to combat infringement or dilution of the BLOOMBERG Marks.

**B.      Bloomberg Blogs**

31. In connection with its multi-faceted news and information business, Bloomberg publishes a wide array of weblogs (the "Bloomberg Blogs").  The Bloomberg Blogs cover many areas of

interest to Bloomberg's customers, including, technology (*see, e.g., go.bloomberg.com/tech-blog*), politics (*see, e.g., www.bloomberg.com/politics/live-blogs*), economics (*see, e.g., www.bloomberg.com/view/echoes*) and global issues (*see, e.g., www.bloomberg.com/view/world-view*).

**C.    Bloomberg's Trademarks**

32. Bloomberg is the owner of all right, title and interest in and to numerous U.S. registrations for the BLOOMBERG Marks (collectively, the "BLOOMBERG Registrations"), including but not limited to the following:

| Mark | Reg. No. | Reg. Date | Goods and Services |
|------|----------|-----------|--------------------|
| **BLOOMBERG TRADEBOOK** | 2114653 | 11/18/1997 | I.C. CLASS 36 - FINANCIAL SERVICES, NAMELY PROVIDING A SECURITIES TRADING SYSTEM |
| **BLOOMBERG PRESS** | 2090041 | 08/19/1997 | I.C. CLASS 16 - PUBLICATIONS, NAMELY, TRADE AND PROFESSIONAL BOOKS<br><br>I.C. CLASS 41 - PUBLICATION SERVICES, NAMELY, PUBLICATION OF TRADE AND PROFESSIONAL BOOKS<br><br>I.C. CLASS 42 - COMPUTER SERVICES, NAMELY, PROVIDING ON-LINE PUBLICATIONS IN THE NATURE OF TRADE AND PROFESSIONAL BOOKS |
| **BLOOMBERG TELEVISION** | 2136045 | 02/10/1998 | I.C. CLASS 38 - TELEVISION BROADCASTING<br><br>I.C. CLASS 41 - ENTERTAINMENT SERVICES IN THE NATURE OF PRODUCING AND DISTRIBUTING PROGRAMMING DISTRIBUTED OVER BROADCAST, TELEVISION, RADIO, CABLE, AND DIRECT SATELLITE IN THE FIELDS OF NEWS, BUSINESS, FINANCE, CURRENT EVENTS, ENTERTAINMENT, SPORTS, HUMAN INTEREST STORIES, SECURITIES AND SECURITIES MARKETS |
| **BLOOMBERG NEWS** | 2266559 | 08/03/1999 | I.C. CLASS 36 - INFORMATION SERVICES RELATING TO FINANCE, NAMELY, PROVIDING INFORMATION IN THE FIELDS OF INVESTMENT AND FINANCE OVER COMPUTER NETWORKS AND GLOBAL COMMUNICATION NETWORKS; AND PROVIDING ANALYSES OF SECURITIES MARKETS AND MODELS THAT OBJECTIVELY RATE SECURITIES MARKETS AND MODELS THAT OBJECTIVELY RATE SECURITIES<br><br>I.C. CLASS 41 - ENTERTAINMENT SERVICES IN THE NATURE OF PRODUCING AND DISTRIBUTING PROGRAMMING DISTRIBUTED OVER BROADCAST, TELEVISION, RADIO, CABLE, AND DIRECT SATELLITE IN THE FIELDS OF NEWS, BUSINESS, FINANCE, CURRENT |

| | | | EVENTS, ENTERTAINMENT, SPORTS, HUMAN INTEREST STORIES, SECURITIES, SECURITIES MARKETS AND THE ENERGY AND ASPHALT INDUSTRIES<br><br>I.C. CLASS 42 - NEWS REPORTING SERVICES, NAMELY, GATHERING AND DISSEMINATION OF NEWS BY COMPUTER; PROVIDING INTERACTIVE, ELECTRONIC AND AUDIO AND VISUAL COMMUNICATION AND INFORMATION SERVICES PUBLISHED OVER, BY OR THROUGH A NETWORK DISTRIBUTION SYSTEM PROVIDING INFORMATION, INTERVIEWS AND COMMENTARY RELATED TO NEWS, BUSINESS, FINANCE, CURRENT EVENTS, ENTERTAINMENT, SPORTS, HUMAN INTEREST STORIES, SECURITIES, SECURITIES MARKETS AND THE ENERGY AND ASPHALT INDUSTRIES; COMPUTER SERVICES, NAMELY, PROVIDING ON-LINE PUBLICATIONS IN THE NATURE OF REPORTS, DIRECTORIES, REFERENCE MATERIALS, MAGAZINES AND TRADE PROFESSIONAL BOOKS RELATED TO NEWS, BUSINESS, FINANCE, CURRENT EVENTS, ENTERTAINMENT, SPORTS, HUMAN INTEREST STORIES, SECURITIES, SECURITIES MARKETS AND THE ENERGY AND ASPHALT INDUSTRIES; AND INFORMATION RELATED TO NEWS, NAMELY, NEWS ANALYSIS AND FEATURES DISTRIBUTION |
|---|---|---|---|
| **BLOOMBERG MARKETS** | 2660228 | 12/10/2002 | I.C. CLASS 16 - PUBLICATIONS, NAMELY, REPORTS, DIRECTORIES, BROCHURES, REFERENCE MATERIALS, LEAFLETS, NEWSLETTERS, BOOKLETS, PAMPHLETS, POST CARDS, FLYERS, MAGAZINE SUPPLEMENTS TO NEWSPAPERS, MAGAZINES AND TRADE AND PROFESSIONAL BOOKS IN THE FIELDS OF NEWS, BUSINESS, FINANCE, CURRENT EVENTS, ENTERTAINMENT, SPORTS, HUMAN INTEREST STORIES, SECURITIES, SECURITIES MARKETS AND THE ENERGY AND ASPHALT INDUSTRIES |
| **BLOOMBERG** | 3430969 | 05/20/2008 | I.C. CLASS 09 - COMPUTERS, PORTABLE COMPUTERS AND COMPUTER PROGRAMS, SOLD TOGETHER AS A UNIT WITH THE COMPUTERS, FOR USE IN ACCESSING INFORMATION DATABASES, FOR PERFORMING PERSONAL COMPUTING APPLICATIONS IN THE AREAS OF NEWS, BUSINESS, FINANCE, CURRENT EVENTS, THE ENTERTAINMENT AND SPORTS INDUSTRIES, HUMAN INTEREST STORIES, SECURITIES, SECURITIES MARKETS, THE ENERGY AND ASPHALT INDUSTRIES, ANALYZING INTERNATIONAL SECURITIES MARKETS, AND ANALYZING AND REPORTING ON INTERNATIONAL BUSINESS AND FINANCIAL NEWS; COMPUTER SOFTWARE FOR INTERACTIVE ELECTRONIC COMMUNICATION ABOUT SECURITIES AND FOR PERFORMING PERSONAL COMPUTING APPLICATIONS, NAMELY, INTEGRATING DATA FEEDS, CREATING DATABASES AND SPREADSHEETS, PERFORMING ANALYTICS, DELIVERING ON-DEMAND MULTIMEDIA CONTENT, GENERATING GRAPHICS, PROVIDING CALENDAR AND E-MAIL CAPABILITIES, AND PROVIDING ELECTRONIC TRADING AND ORDER |

MANAGEMENT CAPABILITIES

I.C. CLASS 16 - PUBLICATIONS, NAMELY, REPORTS, DIRECTORIES, BROCHURES, LEAFLETS, NEWSLETTERS, BOOKLETS, PAMPHLETS, POST CARDS, FLYERS, MAGAZINE SUPPLEMENTS TO NEWSPAPERS, MAGAZINES AND TRADE AND PROFESSIONAL BOOKS IN THE FIELDS OF NEWS, BUSINESS, FINANCE, CURRENT EVENTS, ENTERTAINMENT, SPORTS, HUMAN INTEREST STORIES, SECURITIES, SECURITIES MARKETS AND THE ENERGY AND ASPHALT INDUSTRIES

I.C. CLASS 35 - PROVIDING INTERACTIVE TELEPHONE DIRECTORY INFORMATION AND ASSISTANCE FOR PUBLIC COMPANIES; PROVIDING TELEPHONE INFORMATION SERVICE FEATURING INFORMATION IN THE FIELD OF BUSINESS; PROVIDING INTERACTIVE, ELECTRONIC AND AUDIO AND VISUAL COMMUNICATION AND INFORMATION SERVICES PUBLISHED OVER, BY OR THROUGH A NETWORK DISTRIBUTION SYSTEM PROVIDING INFORMATION, INTERVIEWS AND COMMENTARY RELATED TO BUSINESS AND THE ENERGY AND ASPHALT INDUSTRIES

I.C. CLASS 36 - FINANCIAL SERVICES IN THE NATURE OF PROVIDING A SECURITIES TRADING SYSTEM; ELECTRONICALLY PROVIDING THE SERVICES OF A SECURITIES TRADING BROKER; OBJECTIVELY RATING SECURITIES; INFORMATION SERVICES RELATING TO FINANCE AND FINANCIAL NEWS, INCLUDING PROVIDING ANALYSES OF SECURITIES MARKETS AND MODELS THAT OBJECTIVELY RATE SECURITIES; PROVIDING TELEPHONE INFORMATION SERVICE FEATURING INFORMATION IN THE FIELD OF FINANCE; PROVIDING INTERACTIVE, ELECTRONIC AND AUDIO AND VISUAL COMMUNICATION AND INFORMATION SERVICES PUBLISHED OVER, BY OR THROUGH A NETWORK DISTRIBUTION SYSTEM PROVIDING INFORMATION, INTERVIEWS AND COMMENTARY RELATED TO FINANCE, SECURITIES AND SECURITIES MARKETS

I.C. CLASS 38 – RADIO AND TELEVISION BROADCASTING

I.C. CLASS 41 - ENTERTAINMENT SERVICES IN THE NATURE OF PRODUCING AND DISTRIBUTING PROGRAMMING DISTRIBUTED OVER BROADCAST, TELEVISION, RADIO, CABLE, AND DIRECT SATELLITE IN THE FIELDS OF NEWS, BUSINESS, FINANCE, CURRENT EVENTS, ENTERTAINMENT, SPORTS, HUMAN INTEREST STORIES, SECURITIES, SECURITIES MARKETS AND THE ENERGY AND ASPHALT INDUSTRIES; PROVIDING INTERACTIVE, ELECTRONIC AND AUDIO AND VISUAL COMMUNICATION AND INFORMATION SERVICES

| | | | |
|---|---|---|---|
| | | | PUBLISHED OVER, BY OR THROUGH A NETWORK DISTRIBUTION SYSTEM PROVIDING INFORMATION, INTERVIEWS AND COMMENTARY RELATED TO CURRENT EVENTS NEWS, ENTERTAINMENT, SPORTS, AND HUMAN INTEREST STORIES; PROVIDING ON-LINE PUBLICATIONS IN THE NATURE OF REPORTS, DIRECTORIES, REFERENCE MATERIALS, MAGAZINES AND TRADE AND PROFESSIONAL BOOKS RELATED TO NEWS, BUSINESS, FINANCE, CURRENT EVENTS, ENTERTAINMENT, SPORTS, HUMAN INTEREST STORIES, SECURITIES, SECURITIES MARKETS AND THE ENERGY AND ASPHALT INDUSTRIES; NEWS REPORTING SERVICES, NAMELY, GATHERING AND DISSEMINATION OF NEWS BY COMPUTER |
| **BLOOMBERG MARKETS** | 2591609 | 07/09/2002 | I.C. CLASS 42 - NEWS REPORTING SERVICES, NAMELY, GATHERING AND DISSEMINATION OF NEWS BY COMPUTER; COMPUTER SERVICES, NAMELY, PROVIDING ON-LINE PUBLICATIONS IN THE NATURE OF REPORTS, DIRECTORIES, BROCHURES, REFERENCE MATERIALS, LEAFLETS, NEWSLETTERS, NEWSPAPERS, BOOKLETS, PAMPHLETS, POST CARDS, FLYERS, MAGAZINE SUPPLEMENTS TO NEWSPAPERS, MAGAZINES AND TRADE AND PROFESSIONAL BOOKS IN THE FIELDS OF NEWS, BUSINESS, FINANCE, CURRENT EVENTS, ENTERTAINMENT, SPORTS, HUMAN INTEREST STORIES, SECURITIES, SECURITIES MARKETS AND THE ENERGY AND ASPHALT INDUSTRIES |
| **BLOOMBERG. COM** | 2769201 | 09/30/2003 | I.C. CLASS 36 -  FINANCIAL SERVICES IN THE NATURE OF PROVIDING A SECURITIES TRADING SYSTEM; ELECTRONICALLY PROVIDING THE SERVICES OF A SECURITIES TRADING BROKER; ] OBJECTIVELY RATING SECURITIES; PROVIDING ANALYSES OF SECURITIES MARKETS AND MODELS THAT OBJECTIVELY RATE SECURITIES; INFORMATION SERVICES RELATING TO FINANCIAL NEWS AND INFORMATION, SECURITIES, SECURITIES MARKETS AND THE ENERGY BROKERAGE INDUSTRY<br><br>I.C. CLASS 38 - INTERACTIVE ELECTRONIC AND AUDIO AND VISUAL COMMUNICATION AND INFORMATION BROADCASTING OVER, BY OR THROUGH LOCAL OR WIDE AREA COMPUTER NETWORKS, WIRELESS COMMUNICATION NETWORKS, GLOBAL COMPUTER INFORMATION NETWORKS AND OTHER ELECTRONIC COMMUNICATION NETWORKS<br><br>I.C. CLASS 41 - NEWS AGENCIES AND NEWS REPORTING SERVICES, NAMELY, GATHERING AND DISSEMINATION OF NEWS BY COMPUTER; COMPUTER SERVICES, NAMELY, PROVIDING ON-LINE PUBLICATIONS IN THE NATURE OF REPORTS, [ DIRECTORIES, BROCHURES, ] REFERENCE MATERIALS, [ LEAFLETS, ] NEWSLETTERS, NEWSPAPERS, [ BOOKLETS, PAMPHLETS, POST CARDS, FLYERS, ] MAGAZINE SUPPLEMENTS TO NEWSPAPERS, MAGAZINES AND TRADE AND PROFESSIONAL BOOKS IN THE FIELDS OF NEWS, BUSINESS, FINANCE, CURRENT |

|  |  |  | EVENTS, ENTERTAINMENT, SPORTS, HUMAN INTEREST STORIES, SECURITIES, SECURITIES MARKETS AND THE ENERGY AND ASPHALT INDUSTRIES |
|---|---|---|---|

33.     In accordance with §§ 7(b) and 22 of the Federal Trademark Act, 15 U.S.C. §§ 7(b) and 1072, the BLOOMBERG Registrations constitute constructive notice to Defendants of Plaintiff's ownership of these trademarks. All of these registrations are valid, subsisting, and owned by Plaintiff. Attached as Exhibit A are the U.S. Registration certificates for the marks listed above.

34.     Most of the BLOOMBERG Registrations listed above have achieved incontestable status and accordingly are conclusive evidence of the validity of and Bloomberg's exclusive right to use the marks shown therein in commerce as provided by §§ 15 and 33(b) of the Federal Trademark Act, 15 U.S.C. §§ 1065 and 1115(b).

35.     Bloomberg also owns common law rights in the BLOOMBERG Marks in connection with the goods and services identified in the BLOOMBERG Registrations and in connection with related goods and services under the BLOOMBERG Marks. Bloomberg is also the owner of the trade name "Bloomberg," under which it has offered for sale, promoted and advertised Plaintiff's goods and services in the United States.

36.     Based on Bloomberg's extensive and continuous use of the BLOOMBERG Marks and extensive sales of goods and services under the BLOOMBERG Marks, the BLOOMBERG Marks became famous and developed significance in the minds of the relevant purchasing public prior to any date upon which Defendants can rely. Products and services under the BLOOMBERG Marks are singularly associated and identified by the purchasing public as originating with Plaintiff.

**D.     Defendants and Their Bad Faith Use of the BLOOMBERG Name and Mark**

37.     Google, Inc. ("Google") offers a free tool for creating blogs, a form of on-line journal. *See generally, www.blogger.com/home.* Users register the title and address of a blog with Google and then are free to design the user interface and post content on the blog. The blog then

appears on the World Wide Web under the registered title and at the registered web address, a sub-domain of Google's *blogspot.com* domain name. The public and publicly accessible search engines have access to each blog.

38.     Defendants have registered at least four blogs with Google that contain the mark BLOOMBERG in the title and in the address of the blog, including:

      a.   BLOOMBERGWEST at *bloombergwest.blogspot.com*;

      b.   DEALFEED: BLOOMBERG ET AL at *bloombergdealfeed.blogspot.com*;

      c.   LONDON BLOOMBERG at *bloomberglondon.blogspot.com*; and

      d.   BLOOMBERG COMMODITIES at *bloombergcommods.blogspot.fr*.

39.     Defendants have posted material, including news headlines and broadcasts taken directly from existing BLOOMBERG websites, on one or more of the Infringing Blogs.

40.     Upon information and belief, Defendants have attracted viewers to the Infringing Blogs because of the use of the BLOOMBERG Mark in the titles and addresses of the Infringing Blogs and (except in the case of John Doe 3) through display of BLOOMBERG news headlines and/or broadcasts and through links to BLOOMBERG news stories on *bloomberg.com*.

41.     Upon information and belief, Defendants are exploiting the BLOOMBERG Mark without authorization to generate and maintain Internet traffic and sell advertising so as to profit monetarily and capitalize on Plaintiff's fame and reputation.

FIRST CLAIM FOR RELIEF – FEDERAL
<u>TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))</u>

42.     Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

43.     Defendants' operation of the Infringing Blogs is likely to cause confusion, mistake or deception as to the source or sponsorship of Defendants' services.

44.     As a result of Defendants' unauthorized use of Plaintiff's federally registered BLOOMBERG marks, the public is likely to believe that Defendants' services are affiliated with and/or approved by Plaintiff, and such use falsely represents Defendants as being legitimately connected with and/or authorized by Plaintiff and places beyond Plaintiff's control its own reputation and ability to control the use of the BLOOMBERG Mark or the quality of the services provided under that mark.

45.     Defendants' infringement of Plaintiff's registered marks is willful, intended to reap the benefit of the goodwill of Plaintiff, and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

46.     Defendants' aforesaid conduct is causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation, and will continue both to damage Plaintiff and deceive and threaten harm to the public unless permanently enjoined by this Court.  Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF – FEDERAL
## UNFAIR COMPETITION (15 U.S.C. § 1125(a))

47.     Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

48.     Defendants' use of BLOOMBERG for services that are identical, related and/or substantially similar to those produced by Plaintiff under the BLOOMBERG Mark constitutes a false designation of origin and a false representation as to the origin of Defendants' Infringing Blogs.  Defendants' use of BLOOMBERG is likely to cause confusion, mistake, or deception as to the source of Defendants' services and is likely to create the false impression that the services are authorized, sponsored, endorsed, licensed by, or affiliated with Plaintiff.  Defendants' actions

constitute unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

49.     Defendants' conduct is willful, intended to reap the benefit of the goodwill of Plaintiff, and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

50.     Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue both to damage Plaintiff and to deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

THIRD CLAIM FOR RELIEF – FEDERAL
DILUTION (15 U.S.C. § 1125(c))

51.     Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

52.     Defendants' use of Plaintiff's famous BLOOMBERG trademark in connection with services is likely to cause dilution by blurring and/or tarnishment by diminishing the ability of the BLOOMBERG Mark to identify its services in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

53.     Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue both to damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

FOURTH CLAIM FOR RELIEF –
UNFAIR COMPETITION UNDER NEW YORK COMMON LAW

54.     Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

55.     Defendants' use of BLOOMBERG is likely to confuse the public as to the origin, source or sponsorship of Defendants' services, or to cause mistake or to deceive the public into

believing that Defendants' services are authorized, sponsored, endorsed, licensed by, or affiliated

with Plaintiff, in violation of Plaintiff's rights in the BLOOMBERG Mark under the common law

of the State of New York.

56.     Upon information and belief, Defendants chose BLOOMBERG with full knowledge

of Plaintiff's prior use of and rights in BLOOMBERG.  By adopting and using a colorable imitation

of BLOOMBERG, Defendants have been unjustly enriched and Plaintiff has been damaged.

57.     By misappropriating and trading upon the goodwill and business reputation

represented by the BLOOMBERG Mark, Defendants have been and, unless enjoined by this Court,

will continue to be unjustly enriched at Plaintiff's expense.

58.     Defendants' use of a trademark identical to the BLOOMBERG Mark in connection

with the Infringing Websites constitutes unfair competition under New York common law.

59.     Defendants' conduct has caused and is causing immediate and irreparable injury to

Plaintiff and will continue to both damage Plaintiff and deceive the public unless enjoined by this

Court.  Plaintiff has no adequate remedy at law.

FIFTH CLAIM FOR RELIEF – VIOLATION
OF THE NEW YORK DECEPTIVE AND UNFAIR
TRADE PRACTICES ACT (N.Y. General Business Law § 349)

60.     Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if

fully set forth herein.

61.     By reason of the acts set forth above, Defendants have been and are engaged in

deceptive acts or practices in the conduct of a business, trade or commerce in violation of Section

349 of the New York General Business Law.

62. Defendants' use of BLOOMBERG in connection with the Infringing Blogs has the capacity to deceive and is deceiving the public as to the source or sponsorship of Defendants' services. As a result, the public is and will be damaged.

63. Defendants' conduct is willful and in knowing disregard of Plaintiff's rights.

64. Defendants' conduct constitutes a deceptive trade practice under Section 349 of the General Business Law of the State of New York.

65. Defendants' conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and deceive the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

SIXTH CLAIM FOR RELIEF – TRADEMARK
DILUTION UNDER NEW YORK LAW (N.Y. General Business Law § 360-*l*)

66. Plaintiff repeats and realleges the allegations set forth in the paragraphs above as if fully set forth herein.

67. Plaintiff's BLOOMBERG Mark is distinctive and it acquired distinctiveness prior to Defendants' first use of BLOOMBERG in connection with the Infringing Blogs.

68. Defendants' unauthorized use of the BLOOMBERG Mark, which is identical to or a colorable imitation of Plaintiff's distinctive BLOOMBERG Mark, is diluting and is likely to continue diluting such mark by blurring the distinctiveness of and/or tarnishing the mark, and is likely to injure and has injured Plaintiff's business reputation and damage Plaintiff, in that the reputation of Plaintiff has been removed from its power and control in violation of Section 360-l of the General Business Law of the State of New York.

69. Defendants' unauthorized acts as described herein have caused and will continue to cause irreparable damage to Plaintiff's business and goodwill unless enjoined by this Court. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff respectfully demands judgment as follows:

1.     Directing that Defendants cancel registration of the Infringing Blogs with Google.

2.     That a permanent injunction be issued enjoining Defendants, jointly and severally, their officers, agents, directors, shareholders, principals, licensees, distributors, attorneys, servants, employees, affiliates, subsidiaries and assigns, and all those persons in concert or participation with any of them from:

    a.     imitating, copying or making unauthorized use of the BLOOMBERG Mark

    b.     publishing, importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product or service bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the BLOOMBERG Mark or any other indicia associated with Bloomberg;

    c.     using any simulation, reproduction, counterfeit, copy or colorable imitation of the BLOOMBERG Mark in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any service in such fashion as to relate or connect, or tend to relate or connect, such product in any way to Bloomberg or to any goods or services sold, manufactured, sponsored or approved by or connected with Bloomberg;

    d.     using any false designation of origin or false description or statement, or performing any act that is likely to lead members of the trade or public to believe that any service manufactured, distributed or sold by Defendants is in any manner associated or connected with Bloomberg, or is sold,

manufactured, licensed, sponsored, approved or authorized by Bloomberg;

e.    engaging in any other activity constituting unfair competition with Bloomberg, or constituting an infringement of its BLOOMBERG Mark;

f.    applying to register or registering in the United States Patent and Trademark Office or in any state trademark registry any mark consisting in whole or in part of the term "BLOOMBERG" or consisting in whole or in part of any simulation, reproduction, copy or colorable imitation of the BLOOMBERG Mark;

g.    diluting or tarnishing Bloomberg's BLOOMBERG Mark;

h.    registering anywhere in the world, asking any third party to register on their behalf, or assisting any third party in registering or maintaining any domain name, subdomain name, URL, e-mail address, or other electronic identifier that includes, in whole or in part, the term "BLOOMBERG" or any formative thereof (including misspellings);

i.    owning, renting, purchasing or otherwise obtaining rights to any internet search term that includes in whole or in part the term "BLOOMBERG" or any formative thereof (including misspellings) for purposes of directing internet traffic to any web site;

j.    disposing of, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, purchase,

sale or offer for sale, or distribution of any merchandise offered, distributed or sold under the BLOOMBERG Mark;

k.    assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (j) above.

3.    Directing that Defendants deliver up to Bloomberg's attorneys for destruction all products, labels, signs, stationery, prints, packages, promotional and marketing materials, advertisements and other materials (a) currently in their possession or under their control or (b) recalled by Defendants pursuant to any order of the Court or otherwise, incorporating, featuring or bearing BLOOMBERG or any other simulation, reproduction, copy or colorable imitation of the BLOOMBERG Mark.

4.    Directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any service advertised, promoted, distributed, displayed, produced, sold or offered for sale by Defendants is in any manner authorized by Bloomberg or related in any way to Bloomberg.

5.    Directing that Defendants file with the Court and serve upon Bloomberg's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which they have complied with the above.

6.    Awarding Bloomberg such damages that it has sustained or will sustain by reason of Defendants' acts of trademark infringement, dilution and unfair competition and that such sums be trebled pursuant to 15 U.S.C. § 1117, including but not limited to, at Bloomberg's election prior to final judgment, an award of statutory damages for Defendants' violation of section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

7.   Awarding Bloomberg all gains, profits, property and advantages derived by Defendants from their unlawful conduct.

8.   Awarding to Bloomberg exemplary and punitive damages on its New York State law claims to deter any further willful infringement as the Court finds appropriate.

9.   Awarding to Bloomberg its costs and disbursements incurred in this action, including reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

10.   Awarding Bloomberg interest, including pre-judgment interest on the foregoing sums.

11.   Awarding to Bloomberg such other and further relief as the Court may deem just and proper.

Dated: March 17, 2013       FROSS ZELNICK LEHRMAN & ZISSU, P.C.
      New York, New York

By: _____
John P. Margiotta (*jm@frosszelnick.com*)
Leo Kittay (*lkittay@frosszelnick.com*)
866 United Nations Plaza
New York, NY 10017
Tel: (212) 813-5900
Fax: (212) 813-5901

*Counsel for Plaintiffs*

# EXHIBIT A

Int. Cls.: 16, 41, and 42

Prior U.S. Cls.: 2, 5, 22, 23, 29, 37, 38, 50, 100, 101, and 107

Reg. No. 2,090,041

## United States Patent and Trademark Office

Registered Aug. 19, 1997

### TRADEMARK
### SERVICE MARK
### PRINCIPAL REGISTER

## BLOOMBERG PRESS

BLOOMBERG L.P. (DELAWARE LIMITED PARTNERSHIP)
499 PARK AVENUE
NEW YORK, NY 10022

FOR: PUBLICATIONS, NAMELY, TRADE AND PROFESSIONAL BOOKS, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 1–10–1996; IN COMMERCE 1–10–1996.

FOR: PUBLICATION SERVICES, NAMELY, PUBLICATION OF TRADE AND PROFESSIONAL BOOKS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 1–10–1996; IN COMMERCE 1–10–1996.

FOR: COMPUTER SERVICES. NAMELY, PROVIDING ON-LINE PUBLICATIONS IN THE NATURE OF TRADE AND PROFESSIONAL BOOKS, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 4–10–1996; IN COMMERCE 4–10–1996.

OWNER OF U.S. REG. NOS. 1,595,013, 1,917,285, AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "PRESS", APART FROM THE MARK AS SHOWN.

SEC. 2(F) AS TO "BLOOMBERG".

SN 75–061,280, FILED 2–22–1996.

PAUL F. GAST, EXAMINING ATTORNEY

Int. Cls.: 38 and 41

Prior U.S. Cls.: 100, 101, 104 and 107

## United States Patent and Trademark Office

Reg. No. 2,136,045

Registered Feb. 10, 1998

## SERVICE MARK
### PRINCIPAL REGISTER

## BLOOMBERG TELEVISION

BLOOMBERG L.P. (DELAWARE LIMITED PARTNERSHIP)
499 PARK AVENUE
NEW YORK, NY 10022

FOR: TELEVISION BROADCASTING, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 6-1-1997; IN COMMERCE 6-1-1997.

FOR: ENTERTAINMENT SERVICES IN THE NATURE OF PRODUCING AND DISTRIBUTING PROGRAMMING DISTRIBUTED OVER BROADCAST, TELEVISION, RADIO, CABLE, AND DIRECT SATELLITE IN THE FIELDS OF NEWS, BUSINESS, FINANCE, CURRENT EVENTS, ENTERTAINMENT, SPORTS, HUMAN INTEREST STORIES, SECURITIES AND SECURITIES MARKETS, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 6-1-1997; IN COMMERCE 6-1-1997.

OWNER OF U.S. REG. NOS. 1,595,013, 1,599,326 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "TELEVISION" , APART FROM THE MARK AS SHOWN.

SEC. 2(F) AS TO "BLOOMBERG".

SER. NO. 75-325,414, FILED 7-16-1997.

PAUL F. GAST, EXAMINING ATTORNEY

Int. Cls.: 36, 41 and 42

Prior U.S. Cls.: 100, 101, 102 and 107

**Reg. No. 2,266,559**

## United States Patent and Trademark Office

Registered Aug. 3, 1999

## SERVICE MARK
### PRINCIPAL REGISTER

## BLOOMBERG NEWS

BLOOMBERG L.P. (DELAWARE LIMITED PARTNERSHIP)
499 PARK AVENUE
NEW YORK, NY 10022

FOR: INFORMATION SERVICES RELATING TO FINANCE, NAMELY, PROVIDING INFORMATION IN THE FIELDS OF INVESTMENT AND FINANCE OVER COMPUTER NETWORKS AND GLOBAL COMMUNICATION NETWORKS; AND PROVIDING ANALYSES OF SECURITIES MARKETS AND MODELS THAT OBJECTIVELY RATE SECURITIES MARKETS AND MODELS THAT OBJECTIVELY RATE SECURITIES, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-0-1996; IN COMMERCE 1-0-1996.

FOR: ENTERTAINMENT SERVICES IN THE NATURE OF PRODUCING AND DISTRIBUTING PROGRAMMING DISTRIBUTED OVER BROADCAST, TELEVISION, RADIO, CABLE, AND DIRECT SATELLITE IN THE FIELDS OF NEWS, BUSINESS, FINANCE, CURRENT EVENTS, ENTERTAINMENT, SPORTS, HUMAN INTEREST STORIES, SECURITIES, SECURITIES MARKETS AND THE ENERGY AND ASPHALT INDUSTRIES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 1-0-1996; IN COMMERCE 1-0-1996.

FOR: NEWS REPORTING SERVICES, NAMELY, GATHERING AND DISSEMINATION OF NEWS BY COMPUTER; PROVIDING INTERACTIVE, ELECTRONIC AND AUDIO AND VISUAL COMMUNICATION AND INFOR-

MATION SERVICES PUBLISHED OVER, BY OR THROUGH A NETWORK DISTRIBUTION SYSTEM PROVIDING INFORMATION, INTERVIEWS AND COMMENTARY RELATED TO NEWS, BUSINESS, FINANCE, CURRENT EVENTS, ENTERTAINMENT, SPORTS, HUMAN INTEREST STORIES, SECURITIES, SECURITIES MARKETS AND THE ENERGY AND ASPHALT INDUSTRIES; COMPUTER SERVICES, NAMELY, PROVIDING ON-LINE PUBLICATIONS IN THE NATURE OF REPORTS, DIRECTORIES, REFERENCE MATERIALS, MAGAZINES AND TRADE PROFESSIONAL BOOKS RELATED TO NEWS, BUSINESS, FINANCE, CURRENT EVENTS, ENTERTAINMENT, SPORTS, HUMAN INTEREST STORIES, SECURITIES, SECURITIES MARKETS AND THE ENERGY AND ASPHALT INDUSTRIES; AND INFORMATION RELATED TO NEWS, NAMELY, NEWS ANALYSIS AND FEATURES DISTRIBUTION, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 1-0-1996; IN COMMERCE 1-0-1996.

OWNER OF U.S. REG. NOS. 1,038,675, 2,090,041 AND OTHERS.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "NEWS", APART FROM THE MARK AS SHOWN.

SEC. 2(F) AS TO "BLOOMBERG".

SER. NO. 75-426,142, FILED 1-30-1998.

SAMUEL E. SHARPER JR., EXAMINING ATTORNEY

Int. Cl.: **16**

Prior U.S. Cls.: **2, 5, 22, 23, 29, 37, 38, and 50**

Reg. No. 2,660,228

## United States Patent and Trademark Office

Registered Dec. 10, 2002

### TRADEMARK
### PRINCIPAL REGISTER

## BLOOMBERG MARKETS

BLOOMBERG L.P. (DELAWARE LIMITED PART-
NERSHIP)
499 PARK AVENUE
NEW YORK, NY 10022

FOR: PUBLICATIONS, NAMELY, REPORTS, DI-
RECTORIES, BROCHURES, REFERENCE MATERI-
ALS, LEAFLETS, NEWSLETTERS, BOOKLETS,
PAMPHLETS, POST CARDS, FLYERS, MAGAZINE
SUPPLEMENTS TO NEWSPAPERS, MAGAZINES
AND TRADE AND PROFESSIONAL BOOKS IN
THE FIELDS OF NEWS, BUSINESS, FINANCE,
CURRENT EVENTS, ENTERTAINMENT, SPORTS,
HUMAN INTEREST STORIES, SECURITIES, SECU-
RITIES MARKETS AND THE ENERGY AND AS-

PHALT INDUSTRIES, IN CLASS 16 (U.S. CLS. 2, 5, 22,
23, 29, 37, 38 AND 50).

FIRST USE 8-29-2000; IN COMMERCE 8-29-2000.

OWNER OF U.S. REG. NOS. 1,595,013 AND
2,045,947.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "MARKETS", APART FROM THE
MARK AS SHOWN.

SN 76-058,238, FILED 5-25-2000.

STEVEN R. FINE, EXAMINING ATTORNEY

Int. Cls.: 9, 16, 35, 36, 38 and 41

Prior U.S. Cls.: 2, 5, 21, 22, 23, 26, 29, 36, 37, 38, 50, 100, 101, 102, 104 and 107

Reg. No. 3,430,969

## United States Patent and Trademark Office

Registered May 20, 2008

**TRADEMARK**
**SERVICE MARK**
**PRINCIPAL REGISTER**

# BLOOMBERG

BLOOMBERG L.P. (DELAWARE LIMITED PARTNERSHIP)
731 LEXINGTON AVENUE
NEW YORK, NY 10022

FOR: COMPUTERS, PORTABLE COMPUTERS AND COMPUTER PROGRAMS, SOLD TOGETHER AS A UNIT WITH THE COMPUTERS, FOR USE IN ACCESSING INFORMATION DATABASES, FOR PERFORMING PERSONAL COMPUTING APPLICATIONS IN THE AREAS OF NEWS, BUSINESS, FINANCE, CURRENT EVENTS, THE ENTERTAINMENT AND SPORTS INDUSTRIES, HUMAN INTEREST STORIES, SECURITIES, SECURITIES MARKETS, THE ENERGY AND ASPHALT INDUSTRIES, ANALYZING INTERNATIONAL SECURITIES MARKETS, AND ANALYZING AND REPORTING ON INTERNATIONAL BUSINESS AND FINANCIAL NEWS; COMPUTER SOFTWARE FOR INTERACTIVE ELECTRONIC COMMUNICATION ABOUT SECURITIES AND FOR PERFORMING PERSONAL COMPUTING APPLICATIONS, NAMELY, INTEGRATING DATA FEEDS, CREATING DATABASES AND SPREADSHEETS, PERFORMING ANALYTICS, DELIVERING ON-DEMAND MULTIMEDIA CONTENT, GENERATING GRAPHICS, PROVIDING CALENDAR AND E-MAIL CAPABILITIES, AND PROVIDING ELECTRONIC TRADING AND ORDER MANAGEMENT CAPABILITIES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 8-31-1987; IN COMMERCE 8-31-1987.

FOR: PUBLICATIONS, NAMELY, REPORTS, DIRECTORIES, BROCHURES, LEAFLETS, NEWSLETTERS, BOOKLETS, PAMPHLETS, POST CARDS, FLYERS, MAGAZINE SUPPLEMENTS TO NEWSPAPERS, MAGAZINES AND TRADE AND PROFESSIONAL BOOKS IN THE FIELDS OF NEWS, BUSINESS, FINANCE, CURRENT EVENTS, ENTERTAINMENT, SPORTS, HUMAN INTEREST STORIES, SECURITIES, SECURITIES MARKETS AND THE ENERGY AND ASPHALT INDUSTRIES, IN CLASS 16 (U.S. CLS. 2, 5, 22, 23, 29, 37, 38 AND 50).

FIRST USE 5-0-1991; IN COMMERCE 5-0-1991.

FOR: PROVIDING INTERACTIVE TELEPHONE DIRECTORY INFORMATION AND ASSISTANCE FOR PUBLIC COMPANIES; PROVIDING TELEPHONE INFORMATION SERVICE FEATURING INFORMATION IN THE FIELD OF BUSINESS; PROVIDING INTERACTIVE, ELECTRONIC AND AUDIO AND VISUAL COMMUNICATION AND INFORMATION SERVICES PUBLISHED OVER, BY OR THROUGH A NETWORK DISTRIBUTION SYSTEM PROVIDING INFORMATION, INTERVIEWS AND COMMENTARY RELATED TO BUSINESS AND THE ENERGY AND ASPHALT INDUSTRIES, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-1-1991; IN COMMERCE 1-1-1991.

FOR: FINANCIAL SERVICES IN THE NATURE OF PROVIDING A SECURITIES TRADING SYSTEM; ELECTRONICALLY PROVIDING THE SERVICES OF A SECURITIES TRADING BROKER; OBJECTIVELY RATING SECURITIES; INFORMATION SERVICES RELATING TO FINANCE AND FINANCIAL NEWS, INCLUDING PROVIDING ANALYSES OF SECURITIES MARKETS AND MODELS THAT OBJECTIVELY RATE SECURITIES; PROVIDING TELEPHONE INFORMATION SERVICE FEATURING INFORMATION IN THE FIELD OF FINANCE; PROVIDING INTERACTIVE, ELECTRONIC AND AUDIO AND VISUAL COMMUNICATION AND INFORMATION SERVICES PUBLISHED OVER, BY OR THROUGH A NETWORK DISTRIBUTION SYSTEM PROVIDING INFORMATION, INTERVIEWS AND COMMENTARY RELATED TO FINANCE, SECURITIES AND SECU-

RITIES MARKETS, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 8-31-1987; IN COMMERCE 8-31-1987.

FOR: RADIO AND TELEVISION BROADCAST-ING, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 0-0-1991; IN COMMERCE 0-0-1991.

FOR: ENTERTAINMENT SERVICES IN THE NATURE OF PRODUCING AND DISTRIBUTING PROGRAMMING DISTRIBUTED OVER BROAD-CAST, TELEVISION, RADIO, CABLE, AND DIRECT SATELLITE IN THE FIELDS OF NEWS, BUSINESS, FINANCE, CURRENT EVENTS, ENTERTAIN-MENT, SPORTS, HUMAN INTEREST STORIES, SECURITIES, SECURITIES MARKETS AND THE ENERGY AND ASPHALT INDUSTRIES; PROVID-ING INTERACTIVE, ELECTRONIC AND AUDIO AND VISUAL COMMUNICATION AND INFORMA-TION SERVICES PUBLISHED OVER, BY OR THROUGH A NETWORK DISTRIBUTION SYSTEM PROVIDING INFORMATION, INTERVIEWS AND COMMENTARY RELATED TO CURRENT EVENTS NEWS, ENTERTAINMENT, SPORTS, AND HUMAN INTEREST STORIES; PROVIDING ON-LINE PUB-LICATIONS IN THE NATURE OF REPORTS, DI-RECTORIES, REFERENCE MATERIALS,

MAGAZINES AND TRADE AND PROFESSIONAL BOOKS RELATED TO NEWS, BUSINESS, FINANCE, CURRENT EVENTS, ENTERTAINMENT, SPORTS, HUMAN INTEREST STORIES, SECURITIES, SECU-RITIES MARKETS AND THE ENERGY AND AS-PHALT INDUSTRIES; NEWS REPORTING SERVICES, NAMELY, GATHERING AND DISSEMI-NATION OF NEWS BY COMPUTER, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 5-0-1992; IN COMMERCE 5-0-1992.

THE MARK CONSISTS OF STANDARD CHAR-ACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 2,266,559, 2,753,176 AND OTHERS.

THE NAME(S), PORTRAIT(S), AND/OR SIGNA-TURE(S) SHOWN IN THE MARK IDENTIFIES "MICHAEL R. BLOOMBERG", WHOSE CONSENT(S) TO REGISTER IS SUBMITTED.

SEC. 2(F).

SER. NO. 77-295,571, FILED 10-3-2007.

CHRIS DONINGER, EXAMINING ATTORNEY

**Int. Cl.: 42**

**Prior U.S. Cls.: 100 and 101**

## United States Patent and Trademark Office

**Reg. No. 2,591,609**
**Registered July 9, 2002**

### SERVICE MARK
### PRINCIPAL REGISTER

## BLOOMBERG MARKETS

BLOOMBERG L.P. (PARTNERSHIP)
499 PARK AVENUE
NEW YORK, NY 10022

FOR: NEWS REPORTING SERVICES, NAMELY, GATHERING AND DISSEMINATION OF NEWS BY COMPUTER; COMPUTER SERVICES, NAMELY, PROVIDING ON-LINE PUBLICATIONS IN THE NATURE OF REPORTS, DIRECTORIES, BROCHURES, REFERENCE MATERIALS, LEAFLETS, NEWSLETTERS, NEWSPAPERS, BOOKLETS, PAMPHLETS, POST CARDS, FLYERS, MAGAZINE SUPPLEMENTS TO NEWSPAPERS, MAGAZINES AND TRADE AND PROFESSIONAL BOOKS IN THE FIELDS OF NEWS, BUSINESS, FINANCE, CURRENT EVENTS, ENTERTAINMENT, SPORTS,

HUMAN INTEREST STORIES, SECURITIES, SECURITIES MARKETS AND THE ENERGY AND ASPHALT INDUSTRIES, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 9-1-2000; IN COMMERCE 9-1-2000.

OWNER OF U.S. REG. NOS. 1,595,013, 2,045,947 AND OTHERS.

SEC. 2(F).

SER. NO. 78-024,011, FILED 8-31-2000.

PAULA MAYS, EXAMINING ATTORNEY

Int. Cls.: 36, 38 and 41

Prior U.S. Cls.: 100, 101, 102, 104 and 107

Reg. No. 2,769,201

## United States Patent and Trademark Office

Registered Sep. 30, 2003

### SERVICE MARK
### PRINCIPAL REGISTER

## BLOOMBERG.COM

BLOOMBERG L.P. (PARTNERSHIP)
499 PARK AVENUE
NEW YORK, NY 10022

FOR: FINANCIAL SERVICES IN THE NATURE OF PROVIDING A SECURITIES TRADING SYSTEM; ELECTRONICALLY PROVIDING THE SERVICES OF A SECURITIES TRADING BROKER; OBJECTIVELY RATING SECURITIES; PROVIDING ANALYSES OF SECURITIES MARKETS AND MODELS THAT OBJECTIVELY RATE SECURITIES; INFORMATION SERVICES RELATING TO FINANCIAL NEWS AND INFORMATION, SECURITIES, SECURITIES MARKETS AND THE ENERGY BROKERAGE INDUSTRY, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-16-1999; IN COMMERCE 1-16-1999.

FOR: INTERACTIVE ELECTRONIC AND AUDIO AND VISUAL COMMUNICATION AND INFORMATION BROADCASTING OVER, BY OR THROUGH LOCAL OR WIDE AREA COMPUTER NETWORKS, WIRELESS COMMUNICATION NETWORKS, GLOBAL COMPUTER INFORMATION NETWORKS AND OTHER ELECTRONIC COMMUNICATION NETWORKS, IN CLASS 38 (U.S. CLS. 100, 101 AND 104).

FIRST USE 1-16-1999; IN COMMERCE 1-16-1999.

FOR: NEWS AGENCIES AND NEWS REPORTING SERVICES, NAMELY, GATHERING AND DISSEMINATION OF NEWS BY COMPUTER; COMPUTER SERVICES, NAMELY, PROVIDING ON-LINE PUBLICATIONS IN THE NATURE OF REPORTS, DIRECTORIES, BROCHURES, REFERENCE MATERIALS, LEAFLETS, NEWSLETTERS, NEWSPAPERS, BOOKLETS, PAMPHLETS, POST CARDS, FLYERS, MAGAZINE SUPPLEMENTS TO NEWSPAPERS, MAGAZINES AND TRADE AND PROFESSIONAL BOOKS IN THE FIELDS OF NEWS, BUSINESS, FINANCE, CURRENT EVENTS, ENTERTAINMENT, SPORTS, HUMAN INTEREST STORIES, SECURITIES, SECURITIES MARKETS AND THE ENERGY AND ASPHALT INDUSTRIES, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 1-16-1999; IN COMMERCE 1-16-1999.

OWNER OF U.S. REG. NO. 2,045,947.

SEC. 2(F).

SER. NO. 78-122,962, FILED 4-19-2002.

SUELLEN HICKEY, EXAMINING ATTORNEY